**In re ETTER et al.**

[Cite as *In re Etter* (1998), 134 Ohio App.3d 484.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–970510.

Decided June 12, 1998.

486

487

Richard Smith–Monahan, for appellant Lisa Young.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Gerard A. Dulemba, Assistant Prosecuting Attorney, for appellee Hamilton County Department of Human Services.

GORMAN, Judge.

The appellant, Lisa Young, appeals from the decision of the trial court awarding permanent custody of her children, Eileen Etter and Cindi and Verna Young, to the Hamilton County Department of Human Services. In her three assignments of error, she argues that the trial court failed to advise her of her rights pursuant to Juv.R. 29(D) before she admitted to the facts in the complaint, and that the court's award of permanent custody to the department of human services was not supported by the evidence and did not meet the statutory criteria. Although we agree with the award of permanent custody in this case based upon the record of the dispositional phase of the hearing, we must reluctantly reverse, since it is clear that the magistrate did not even minimally comply with Juv.R. 29(D).[1]

At the hearing on the complaint in this matter, Young was present and accompanied by both her attorney and a guardian *ad litem*, who was also an attorney. After all the parties waived opening statement, the magistrate was advised by the assistant prosecuting attorney that there was a possibility of an admission to the facts. At the apparent behest of Young (although even this is less than clear from the record), language was changed in the complaint to reflect that she had had "minimal" rather than "sporadic" contact with her children. Then, after asking the parties whether such a change was acceptable, the magistrate stated, "Based upon that, I'm going to make an adjudication of dependency. I'm assuming there's no objection to that finding?" Young's guardian *ad litem* answered, "None, your Honor." The magistrate then said, "All right," and proceeded to the dispositional phase of the hearing. At no time was any response personally elicited from Young.

## Juv.R. 29(D)

As this court has often observed, Juv.R. 29(D) imposes a positive obligation upon the trial court to make certain determinations before accepting an admission from a party. See *In re Lahmann* (Dec. 24, 1996), Hamilton App. No. C–950790, unreported, 1996 WL 733144; *In re Meyer* (Jan. 15, 1992), Hamilton App. Nos. C–910292 and C–910404, unreported, 1992 WL 5843. Indeed, Juv.R. 29 *prohibits* a court from accepting an admission from a juvenile unless it addresses the party "personally." The purpose of the inquiry is to determine (1) that the admission is voluntary and made with an understanding of the nature of the allegations and the consequences of the admission; and (2) that the party understands that by admitting to the facts he or she is waiving the right to

---

1. We have *sua sponte* removed this case from the accelerated calendar.

challenge witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing.

■   Similar to the analogous rule in an adult criminal proceeding, Crim.R. 11(C), Juv.R. 29(D) requires substantial, not strict, compliance. *Lahmann* and *Meyer, supra;* see *State v. Billups* (1979), 57 Ohio St.2d 31, 11 O.O.3d 150, 385 N.E.2d 1308. A trial court need not recite the provisions of the rule verbatim. *In re Beckert* (Aug. 8, 1996), Cuyahoga App. No. 68893, unreported, 1996 WL 447982. Nor must a court's inquiry constitute a formal colloquy. However, the record must adequately demonstrate that the party has been given sufficient information to make a knowing, intelligent, and voluntary admission.

■   While the rule is normally thought of in the context of delinquency hearings, reviewing courts have recognized that faithful adherence to Juv.R. 29(D) is of "utmost importance" in dependency cases that threaten the permanent loss of parental rights. *Elmer v. Lucas Cty. Children Serv. Bd.* (1987), 36 Ohio App.3d 241, 245, 523 N.E.2d 540, 545. The right of a parent to raise his or her child is considered an "essential" and "basic" civil right. *In re Murray* (1990), 52 Ohio St.3d 155, 157, 556 N.E.2d 1169, 1171, quoting *Stanley v. Illinois* (1972), 405 U.S. 645, 651, 92 S.Ct. 1208, 1212, 31 L.Ed.2d 551, 558–559. The Ohio Supreme Court has even characterized the loss of this right as " 'the family law equivalent of the death penalty.' " *In re Hayes* (1997), 79 Ohio St.3d 46, 48, 679 N.E.2d 680, 682, quoting *In re Smith* (1991), 77 Ohio App.3d 1, 16, 601 N.E.2d 45, 54.

■   Juv.R. 29(D) is, therefore, no less applicable in the adjudicatory phase of a dependency proceeding than it is in a delinquency hearing. *In re Dukes* (1991), 81 Ohio App.3d 145, 150, 610 N.E.2d 513, 517. As observed by the Ohio Supreme Court in *Hayes,* parents in dependency proceedings " 'must be afforded every procedural and substantive protection the law allows.' " *Hayes, supra,* at 48, 679 N.E.2d at 682, quoting *Smith, supra,* at 16, 601 N.E.2d at 54.

■   The department of human services argues that the magistrate substantially complied with Juv.R. 29(D) by asking the parties whether the modification to the complaint was "acceptable" to all the parties, and by then asking whether there was any objection to her making an adjudication of dependency based upon the stipulation to the complaint as amended. We disagree. The magistrate never addressed Young personally, nor did she make any real inquiry into whether Young understood the nature of the charges in the complaint, the consequences of making an admission to the facts, or the rights she would be waiving as a consequence of the admission. Compliance with Juv.R. 29(D) was not only not substantial, it was not even minimal.

**490**

■■ The department next argues that there is "no indication on the record that the admission was not voluntary, not made with the understanding of the nature of the allegations in the complaint." This argument, however, turns on its head the principle that a waiver of constitutional rights will not be presumed from a silent record. Contrary to the state's position, reviewing courts indulge every reasonable presumption *against* a waiver of fundamental constitutional rights. *Garfield Hts. v. Brewer* (1984), 17 Ohio App.3d 216, 217, 17 OBR 458, 459–460, 479 N.E.2d 309, 311, citing *Brewer v. Williams* (1977), 430 U.S. 387, 97 S.Ct. 1232, 51 L.Ed.2d 424. As we held in *Meyer, supra,* the burden on appeal is on the state to demonstrate a valid waiver when the record is silent.

One issue not addressed by either party is the effect of Young's guardian *ad litem's* replying, "None, Your Honor," when the magistrate asked whether there was any objection to her making a finding of dependency based upon the complaint. The question arises whether this statement in any way lessened the magistrate's duty to comply with Juv.R. 29(D).

■ The record does not elucidate the particular reasons why the magistrate appointed Young a guardian *ad litem.* Young was over thirty years old at the time of the hearing and was therefore no longer a juvenile. In her decision, the magistrate stated that psychological testing performed in 1996 had revealed Young to be "functioning in the borderline mentally retarded range of intelligence." We assume that this degree of incompetency was the reason for the appointment of a guardian *ad litem* under Juv.R. 4(B).

■ The purpose of a guardian *ad litem* is to secure for the juvenile or incompetent person a proper defense or an adequate protection of his or her rights. *In re Height* (1975), 47 Ohio App.2d 203, 1 O.O.3d 279, 353 N.E.2d 887. It is the guardian *ad litem's* duty to protect the best interests of the incompetent. A guardian *ad litem* is considered an officer of the court, see *Lovejoy v. Cuyahoga Cty. Dept. of Human Serv.* (1991), 76 Ohio App.3d 514, 602 N.E.2d 405, and must be distinguished from a general guardian who has the general care and control of the person.

While a guardian *ad litem* has a protective role to play in any waiver of his or her ward's rights, that role does not preempt application of Juv.R. 29(D). Neither Young's attorney nor her guardian *ad litem* had the authority to make the decision for her to enter an admission. That decision belonged to Young uniquely. Particularly in light of Young's diminished mental capacity, it was incumbent upon the magistrate, notwithstanding the statement from Young's guardian *ad litem,* to comply with the mandate of Juv.R. 29(D) to personally address Young.

It is noteworthy that, in an analogous situation, the Montgomery County Court of Appeals has held that the obligation of the court to personally address the

party under Juv.R. 29(D) is not eliminated even when the record affirmatively establishes that the party has given her attorney authority to speak for her. In *In re Richard, Laqueeda, Shennell & Dominique* (Dec. 14, 1994), Montgomery App. Nos. 14140 and 14200, unreported, 1994 WL 702071, the mother's attorney stated to the magistrate that the mother was willing to stipulate to a finding ·of dependency. The attorney then asked the mother, who was standing next to him, if that was correct, to which she replied "[y]es" on the record. The court of appeals rejected the argument of the children's services board that Juv.R. 29(D) had been satisfied. The court held that Juv.R. 29(D) required that the mother be personally addressed by the court, not by her attorney, and that, notwithstanding her attorney's representation that he had discussed the matter with his client, it was still incumbent upon the court to make sure that the mother fully understood her decision.

We hold, therefore, that the guardian *ad litem's* statement did not in any way alter the magistrate's duty under Juv.R. 29(D) to personally address Young.

### Waiver under Juv.R. 40(E)(3)(b)

A more important issue not briefed by the parties is whether Young's failure to raise the issue of compliance with Juv.R. 29(D) in her objections to the decision of the magistrate precludes her from raising the issue now on appeal. Effective July 1, 1995, both Juv.R. 40(E)(3)(b) and its counterpart in the Civil Rules, Civ.R. 53(E)(3)(b), were amended to provide that a party may not assign as error on appeal the trial court's "adoption of any finding of fact or conclusion of law" contained in the magistrate's report "unless that party has objected to that finding or conclusion under this rule." While both amended Juv.R. 40(E)(4)(a) and Civ.R. 53(D)(4)(a) also provide that the trial court must undertake an independent examination of the magistrate's decision even if no objections are filed, such analysis is limited to errors of law or other defects "on the face of the magistrate's decision."

The magistrate in her report stated: "Mother, Lisa Young, stipulated to the truth of the complaint's factual allegations, amending the word 'sporadic' to 'minimal' in paragraph 3. Upon such stipulation and the other parties' failure to appear, the children were adjudicated dependent."

Although Young's attorney filed objections to the magistrate's report, the objections challenged only the magistrate's decision to commit the children to the permanent custody of the department of human services. The trial court held a hearing on the objections on June 6, 1997. The record does not contain a transcript of that hearing. The trial court's entry stated simply that the decision of the magistrate was affirmed and permanent custody of the children granted to the department of human services for the purpose of adoptive placement.

■ We are confronted, therefore, with a direct conflict between the constitutional principle that a waiver of fundamental rights cannot be presumed from a silent record, and a procedural rule that, if applied, would hold that the issue of waiver is itself waived. The waiver under Juv.R. 40(E)(3)(b) embodies the long-recognized principle that the failure to draw the trial court's attention to possible error, by objection or otherwise, when the error could have been corrected, results in a waiver of the issue for purposes of appeal. *Goldfuss v. Davidson* (1997), 79 Ohio St.3d 116, 121, 679 N.E.2d 1099, 1103; see, also, *Gallagher v. Cleveland Browns Football Co.* (1996), 74 Ohio St.3d 427, 436–437, 659 N.E.2d 1232, 1240. As noted by the court in *Goldfuss,* "it is well established that failure to follow procedural rules can result in forfeiture of rights." *Goldfuss, supra,* at 122, 679 N.E.2d at 1103.

■ An exception to the general rule of waiver is the plain-error doctrine. The doctrine originated in the criminal law and is embodied in Crim.R. 52(B): "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Although its roots are in the criminal law, the Ohio Supreme Court has recognized application of the doctrine in civil cases as well. *Goldfuss, supra; LeFort v. Century 21–Maitland Realty Co.* (1987), 32 Ohio St.3d 121, 124, 512 N.E.2d 640, 643; *Cleveland Elec. Illum. Co. v. Astorhurst Land Co.* (1985), 18 Ohio St.3d 268, 275, 18 OBR 322, 327–328, 480 N.E.2d 794, 800. Application of the plain-error doctrine to civil cases, however, is generally not favored. According to the holding of *Goldfuss,* the plain-error doctrine "may be applied only in the extremely rare [civil] case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process * * *." *Goldfuss* at. 122–123, 679 N.E.2d at 1104.

■ Significantly, the Court of Appeals for Montgomery County has held that the plain-error doctrine may be applied as an exception to the waiver contained in Civ.R. 53(E)(3)(b). *R.G. Real Estate Holding, Inc. v. Wagner* (Apr. 24, 1998), Montgomery App. No. 16737, unreported, 1998 WL 199628. We hold that the plain-error doctrine may similarly be applied to Juv.R. 40(E)(3)(b). Like *Wagner,* however, we caution that, consistent with *Goldfuss,* the doctrine should be used only sparingly and, as stated in *Wagner,* "would not be warranted in the absence of circumstances raising something more than a mere failure to object."

■ We conclude that those circumstances exist in the present case. Although a dependency hearing is technically a civil and not a criminal proceeding, it is disingenuous to suggest that a proceeding that threatens "the family law equivalent of the death penalty" should be treated like any other civil case involving a contract or tort claim. As previously observed, because parental rights are considered "basic" and "essential," parents in a dependency proceeding

are to be given " 'every procedural and substantive protection the law allows.' " *Hayes, supra,* at 48, 679 N.E.2d at 682, quoting *Smith, supra,* at 16, 601 N.E.2d at 54. A parent's right to the custody of his or her child is considered "paramount." *In re Perales* (1977), 52 Ohio St.2d 89, 97, 6 O.O.3d 293, 297, 369 N.E.2d 1047, 1051–1052.

The magistrate's failure even to minimally comply with Juv.R. 29(D) raises the very real possibility that Young, a woman of limited mental capacity, did not fully understand her right to challenge the evidence as the state moved to terminate her parental rights. It bears emphasis that, as this court noted in *Meyer, supra,* a waiver made without an understanding of the rights being forfeited constitutes a violation of basic due process. Failure to comply with Juv.R. 29(D), therefore, requires no further showing of prejudice: *it is never harmless error. In re Lahmann, supra.* The magistrate's failure to substantially comply with Juv.R. 29(D) seriously damages the "basic fairness" and "integrity" of the underlying judicial process in this case. To apply the waiver of Juv.R. 40(E)(3)(b) would, we believe, only compound this unfairness and further impugn the integrity of the system by allowing the state to take permanent custody of a woman's children on a record demonstrating a denial of due process.

Accordingly, we hold that the magistrate failed to substantially comply with Juv.R. 29(D), and that this constituted plain error rendering inapplicable the waiver of Juv.R. 40(E)(3)(b). This holding necessitates that the case be reversed although we are admittedly reluctant to do so given the facts and circumstances placed on the record during the dispositional phase of the hearing. This court has no desire to prolong the ordeal of the children involved. However, because of the profound consequences that Young faces as a result of the department of human services' attempt to permanently terminate her parental rights, the magnitude of the magistrate's failure to substantially comply with Juv.R. 29(D) cannot be overlooked.

For the foregoing reasons, Young's first assignment of error concerning the trial court's failure to comply with Juv.R. 29(D) is found to be well taken. Her second and third assignments of error challenging the trial court's award of permanent custody of her children to the department of human services are rendered moot based upon our resolution of the first assignment. The judgment of the trial court is reversed, Young's admission to the facts of the complaint is vacated, and this matter is remanded to the trial court for proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

SUNDERMANN, P.J., and DOAN, J., concur.