OPINION
Appellant, Herschel Gallaher, appeals a Butler County Court of Common Pleas, Juvenile Division, decision granting permanent custody of his daughter, Patricia Morris ("Patricia"), to Butler County Children Services Board ("BCCSB"). The trial court's decision is affirmed.
Patricia (D.O.B. 6/15/88) is the daughter of appellant and Patricia Gallaher (fka Armstrong). Alisa Morris and Stacy Morris are daughters of Patricia Gallaher and half-sisters to Patricia.
BCCSB filed a complaint alleging that Patricia was a neglected or dependant child on August 9, 1996. The complaint stated that Stacy had disclosed that appellant "hits [Patricia] in the head on a regular basis and he frequently pushes her head into the wall when she is angry." The complaint alleged that appellant was having sex with Alisa, who was seventeen years old, and that Alisa had become pregnant. Moreover, the complaint alleged that appellant had attempted to have sex with Stacy. The complaint also alleged that appellant and Patricia Gallaher had a history of alcohol abuse and of failing to keep their home safe and clean.
On August 27, 1997, the trial court found that Patricia and Stacy were dependent children and they were placed in the temporary custody of BCCSB. Subsequently appellant pled guilty to sexual battery of Alisa and served a sentence of sixty days in jail.
BCCSB moved the trial court for permanent custody of Patricia on July 29, 1998. (BCCSB also moved for long-term foster care of Stacy.) A trial was held before a magistrate on July 28 and 29, 1999, and November 15, 1999. After the conclusion of the trial, the magistrate determined that permanent custody of Patricia should be granted to BCCSB. (The trial court also granted BCCSB's motion to place Stacy in long-term foster care.)
Patricia Gallaher filed objections to the magistrate's decision. Appellant did not object to the decision of the magistrate. The trial judge overruled Patricia Gallaher's objections to the magistrate's ruling.
Patricia Gallaher filed an appeal, but it was dismissed because it was not timely. Appellant filed a timely appeal, raising one assignment of error for our review:
 THE TRIAL COURT'S DECISION PLACING CUSTODY WITH THE BCCSB IS NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE[.]
 In his only assignment of error, appellant argues that the trial court's decision to grant permanent custody to BCCSB should be overturned because it is not supported by clear and convincing evidence. Specifically, appellant argues that the decision to grant permanent custody to BCCSB is not in Patricia's best interest.
Initially, we note that appellant failed to object to the magistrate's decision granting permanent custody. Although Patricia Gallaher filed objections to the magistrate's decision, she is not a party to this appeal.
Juv.R. 40(E)(3)(b) provides, "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." "The waiver under Juv.R. 40(E)(3)(b) embodies the long-recognized principle that the failure to draw the trial court's attention to possible error, by objection or otherwise, when the error could have been corrected, results in a waiver of the issue for purposes of appeal." Inre Etter (1998), 134 Ohio App.3d 484, 492, citing Goldfuss v. Davidson
(1997), 79 Ohio St.3d 116, 121. The Supreme Court of Ohio has stated that "it is well established that failure to follow procedural rules can result in forfeiture of rights." Etter at 492, quoting Goldfuss at 122.
We find that by failing to object to the magistrate's decision, appellant has waived his right to assign as error on appeal the trial court's adoption of any finding of fact or conclusion of law. However, an exception to this waiver exists if plain error is found.
In criminal cases "[p]lain errors or defects affecting substantial rights" that were not brought to the trial court's attention may be addressed through Crim.R. 52(B). The Civil Rules of Procedure (as well as the Rules of Juvenile Procedure) do not have a similar rule.Goldfuss, 79 Ohio St.3d at 121. The plain error rule has its basis in criminal law. Id. Even so, the supreme court has determined that the plain error doctrine, an exception to the waiver rule, may be applied to civil cases, but only under very limited circumstances. Goldfuss at 122. The supreme court has stated: "we do reaffirm and emphasize that the doctrine is sharply limited to the extremely rare case involvingexceptional circumstances where the error, left unobjected to at the trial court, rises to the level of challenging the legitimacy of the underlying judicial process itself." (Emphasis sic.) Id.
Although permanent custody and dependency proceedings are not criminal in nature, they involve a fundamental liberty interest that is constitutionally protected. Natural parents have a constitutionally protected liberty interest in the care and custody of their children.Santosky v. Kramer (1982), 455 U.S. 745, 753, 102 S.Ct. 1388, 1394-1395. A motion by the state to terminate parental rights in a permanent custody case "seeks not merely to infringe that fundamental liberty interest, but to end it." Id. at 759, 102 S.Ct. at 1397. The Supreme Court of Ohio has even described the loss of this right as "the family law equivalent to the death penalty." In re Hayes (1997), 79 Ohio St.3d 46, 48, quotingIn re Smith (1991), 77 Ohio App.3d 1, 16.
The First District Court of Appeals has held that the plain error doctrine may be applied to the waiver in Juv.R. 40(E)(3)(b). Etter,134 Ohio App.3d at 492.[1] Other districts have found that issues that have not been properly preserved for appeal by filing objections to a magistrate's decision in permanent custody or dependency cases may be examined under a plain error analysis. See, e.g., In the Matter ofOrtego (Mar. 8, 2000), Tuscarawas App. No. 1999AP05003, unreported. See, also, In the Matter of Martin (Aug. 27, 1999), Montgomery App. Nos. 17432, 17461, 17464, unreported. We are also inclined to adopt the rule that plain error may, in exceptionally rare cases, allow for correction of an error that was not properly preserved for appellate review in a dependency or permanent custody case.
Reviewing the case sub judice, we find that nothing in the proceedings below rises to the level of plain error. Nothing in the record indicates a challenge to the "legitimacy of the underlying judicial process itself." Goldfuss, 79 Ohio St.3d at 122.
We note that the trial court failed to apply the proper version of R.C. 2151.414 when determining whether permanent custody should be granted. As we will further explain below, this error of law was harmless, because applying the proper version of R.C. 2151.414
to the facts of this case necessarily leads to the conclusion that permanent custody should be granted.
The trial court applied the version of R.C. 2151.414 that was in effect at the time that the motion for permanent custody was filed. The trial court found, by clear and convincing evidence, that it was in Patricia's best interest to grant permanent custody to BCCSB and that she could not or should not be placed with either parent within a reasonable time.
The trial court should have applied R.C. 2151.414 as amended by H.B. 484,[2] which came into effect after the motion for permanent custody was filed but before the permanent custody hearing began.
This court has previously held that R.C. 2151.414 as amended should be applied retroactively to certain permanent custody cases. In the Matterof: Oza Rodgers (June 5, 2000), Preble App. No. CA99-08-017, unreported. R.C. 2151.414 as amended applies to permanent custody cases where a child has been in the temporary custody of children's services under an order of the court following a finding of dependency or neglect for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999 (the amendment's effective date). Id.
Patricia was adjudicated a dependent child and was placed in the temporary custody of BCCSB pursuant to this adjudication on August 27, 1997. It is undisputed that Patricia remained in the temporary custody of BCCSB throughout the course of this case. Therefore, Patricia was in the care of BCCSB under an order of disposition by the trial court for twelve or more months of a consecutive twenty-two month period ending on March 18, 1999, and R.C. 2151.414 as amended is applicable to this case.
Pursuant to R.C. 2151.414 as amended, a permanent custody award may be granted where the decision is in the best interest of the child and the child has been in the care of children's services under an order of disposition by the trial court for twelve or more months of a consecutive twenty-two month period ending on March 18, 1999. See R.C.2151.414(B)(1)(d) and (D), as amended. The trial court found, by clear and convincing evidence, that granting permanent custody to BCCSB was in Patricia's best interest.[3] Having reviewed the record, we conclude that this finding is supported by sufficient evidence. As discussed above, Patricia was in the care of BCCSB under an order of disposition by the trial court for the time required by the statute. Therefore, under R.C 2151.414 as amended, the decision to grant permanent custody was proper.
Although the trial court should have applied the amended version instead of the former version of the permanent custody statute, the trial court's application of either statute to the facts of this case results in the conclusion that permanent custody should be granted to BCCSB. The assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and WALSH, J., concur.
[1] 1. In Etter, the court of appeals found that a magistrate's failure, in a dependency proceeding, to satisfy her obligation to determine whether a mother was making knowing, intelligent and voluntary admission to facts in a complaint was plain error, and that mother's failure to object did not waive appellate review of the magistrate's failure to comply with the applicable rule of juvenile procedure. Etter
at 492-493.
[2] 2. R.C. 2151.414 as amended by H.B. 484 states in relevant part the following:
 (B)(1) Except as provided in division (B)(2) of this section, the court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
 (a) The child is not abandoned or orphaned or has not been in the temporary custody of a public children services agency or private child placing agency under one or more separate orders of disposition issued under section 2151.353 or 2151.415
of the Revised Code for twelve or more months of a consecutive twenty-two month period ending on or after the effective date of this amendment, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.
(b) The child is abandoned.
 (c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody.
 (d) The child has been in the temporary custody of a public children services agency or private child placing agency under one or more separate orders of disposition issued under section 2151.353 of the Revised Code for twelve or more months of a consecutive twenty-two month period ending on or after the effective date of this amendment.
* * * *
 (D) In determining the best interest of a child * * *, the court shall consider all relevant factors, including, but not limited to, the following:
 (1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child;
 (2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 (3) The custodial history of the child, including whether the child has been in the temporary custody of a public children services agency or private child placing agency under one or more separate orders of disposition issued under section 2151.353 or 2151.415
of the Revised Code for twelve or more months of a consecutive twenty-two month period ending on or after the effective date of this amendment;
 (4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 (5) Whether any of the factors in divisions (E)(7) to (12) of this section apply in relation to the parents and child. (Emphasis added.)
[3] The factors that the trial court considered when determining Patricia's best interest under the prior version of R.C. 2151.414 are applicable to the best interest determination under R.C. 2151.414 as amended.