OPINION
Appellant, Judy Parsons, appeals a decision of the Butler County Court of Common Pleas, Juvenile Division, granting permanent custody of her grandson, Dakota Hollin, to Butler County Children Services Board ("BCCSB"). The decision of the trial court is affirmed.
Dakota, born June 21, 1995, is the son of Lee Anne Schulte, Parsons' daughter. His father is unknown and is not a party to this case. Schulte voluntarily gave custody of Dakota to Parsons in October, 1995. Although Schulte participated in some case plan services, she has not pursued an appeal in this matter.
BCCSB filed a complaint alleging that Dakota was an abused, neglected and dependent child on July 18, 1997. The complaint stated that Parsons would keep Dakota in a harness and tether the harness to his high chair or the couch. The complaint further stated that Parsons tied Dakota to his bed at night with a cloth belt. The complaint also alleged that Parsons had a violent history and suffered from mental illness. On March 17, 1998, after a hearing on the matter, the trial court found that Dakota was a neglected and dependent child and awarded BCCSB temporary custody of Dakota. Dakota was first placed with another family member, then with a foster family.
BCCSB moved the trial court for permanent custody of Dakota on April 7, 1999. At the conclusion of the trial on the motion, the magistrate determined that permanent custody of Dakota should be granted to BCCSB. Parsons did not file objections to this decision, and it was adopted as the order of the court. Parsons appeals, raising two assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT GRANDMOTHER BY GRANTING PERMANENT CUSTODY OF THE MINOR CHILD DAKOTA HOLLINS [sic] TO THE BUTLER COUNTY CHILDRENS SERVICE [sic] BOARD.
 In this assignment of error, Parsons contends that the allegations contained in the complaint, and the trial court's subsequent findings in its March 17, 1998 decision, do not support the conclusion that Dakota is a neglected and dependent child.
A trial court's finding of dependency, neglect, or abuse, and award of temporary custody at an adjudication hearing is a final, appealable order. In re Murray (1990), 52 Ohio St.3d 155, syllabus; In re Kerby
(Sept. 25, 2000), Butler App. No. CA99-09-164, unreported, at 6. In order to initiate an appeal, a party must file a notice of appeal "within thirty days of the date of the order or judgment appealed from." App.R. 4. Parsons' failure to timely appeal from the March 17, 1998 decision and order precludes consideration of this assignment of error. The first assignment of error is overruled.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT GRANDMOTHER BY FINDING THAT THE MINOR CHILD DAKOTA HOLLINS [sic] COULD NOT AND SHOULD NOT BE PLACED WITH HIS MATERNAL GRANDMOTHER WITHIN A REASONABLE TIME.
 In her second assignment of error, Parsons argues that the trial court's finding that Dakota could not be placed with her within a reasonable time is erroneous because she complied with her case plan requirements.
Parsons failed to object to the magistrate's decision granting permanent custody of Dakota to BCCSB. Juv.R. 40(E)(3)(b) provides, "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." The waiver provision of Juv.R. 40(E)(3)(b) "embodies the long-recognized principle that the failure to draw the trial court's attention to possible error, by objection or otherwise, when the error could have been corrected, results in a waiver of the issue for purposes of appeal." In re Morris (Oct. 16, 2000), Butler App. No. CA2000-01-001, unreported, at 3, citing In reEtter (1998), 134 Ohio App.3d 492.
By failing to object to the magistrate's decision, Parsons has waived her right to assign as error on appeal the trial court's adoption of any finding of fact or conclusion of law. In re Morris at 4. However, an exception to this waiver exists if plain error is found. Id. In a civil proceeding, plain error involves the "exceptional circumstances where the error, left unobjected to at the trial court, rises to the level of challenging the legitimacy of the underlying judicial process itself."Id., quoting Goldfuss v. Davidson (1997), 79 Ohio St.3d 116, 122.
A trial court may not award permanent custody of a child to a state agency unless the agency satisfies two statutory requirements. The agency must first demonstrate that an award of permanent custody is in the best interest of the child. R.C. 2151.414(B)(2). Second, the agency must show that the child cannot be placed with one of the child's parents within a reasonable time or should not be placed with either parent.Id.
When determining whether it would be in the best interest of the child to grant permanent custody of the child to an agency, a juvenile court should consider all relevant factors, including but not limited to the factors enumerated in R.C. 2151.414(D). With respect to the determination of whether a child cannot be placed with either parent within a reasonable time, or should not be placed with his parents, the court is to consider the factors contained in R.C. 2151.414(E).
Concluding that it is in Dakota's best interest that BCCSB be granted permanent custody, the trial court made specific findings supported by the record. Dakota was removed from Parsons' care in July 1997, and has been in foster care since February 1998. Parsons regularly visited Dakota. Although Dakota seemed to enjoy these visits, he did not show much affection for Parsons, and separated easily at the conclusion of the visits. Parsons has been diagnosed with major depressive disorder, and her history is replete with psychiatric hospitalizations, depressive episodes, and suicide attempts. She has failed to recognize the inappropriateness of restraining Dakota with a harness. Dakota's guardian ad litem recommended that BCCSB be granted permanent custody. Based on the evidence presented, the trial court further concluded that Dakota cannot and should not be placed with Parsons, and granted the motion for permanent custody.
Our review of the record indicates that the trial court considered the relevant statutory criteria and made the appropriate findings pursuant to R.C. 2151.414(B)(2) prior to granting permanent custody of Dakota. We find nothing in the proceedings below which indicates a challenge to the legitimacy of the judicial process, or which rises to the level of plain error. The second assignment of error is overruled.
Judgment affirmed.
VALEN, P.J., and POWELL, J., concur.