[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
On December 14, 1998, a complaint was filed in the Hamilton County Juvenile Court, under case number 98-23732, alleging that Rico Borden raped an eleven-year-old girl. Subsequently, the complaint was dismissed for want of prosecution. The complaint was refiled on April 7, 1999, under case number 99-6143. The magistrate rejected Borden's plea of admit to gross sexual imposition, and the case proceeded to trial on July 7, 1999. Borden was adjudicated delinquent on one count of rape.
On January 7, 2000, Borden was committed to the Department of Youth Services (DYS) for a minimum period of twelve months and a maximum period not to exceed his twenty-first birthday. The commitment was suspended and Borden was placed in Hillcrest School effective January 18, 2000. Borden ran away from Hillcrest. On March 1, 2000, the trial court terminated the Hillcrest placement and imposed the commitment to the DYS.
Borden's first assignment of error alleges that the trial court erred in failing to create a complete record of the proceedings below in violation of Juv.R. 37(A). Specifically, Borden complains that even though the adjudicatory hearing of July 7, 1999, was transcribed, there is no record of the victim's direct testimony.
Borden did not file objections to the magistrate's decision of July 7, 1999, as required by Juv.R. 40(E)(3)(b). Further, Borden has not raised any assignment of error that pertains to the missing portion of the transcript. Borden has failed to show how he was prejudiced by the omission from the record. Absent prejudice to Borden, we cannot say that reversible error occurred in the failure of the trial court to transmit a complete record of the proceedings. See In re Smith (Mar. 15, 2001), Cuyahoga App. No. 77905, unreported. The first assignment of error is overruled.
Borden's second assignment of error alleges, and the state concedes, that the trial court erred in failing to state the total number of days that Borden was held in detention on the rape charge in the case numbered 98-23732.
R.C. 2151.355(F)(6) required the juvenile court to state in the order of commitment the number of days that Borden had been held in detention "in connection with the delinquent child complaint upon which the order of commitment is based." See In re Brown (Feb. 28, 2001), Medina App. No. 3096-M, unreported. The state agrees that the trial court erred in failing to give Borden credit for the days he spent in detention on the case numbered 98-23732. The second assignment of error is sustained, and the cause must be remanded for the trial court to determine the number of days Borden is to be credited for his detention under the case numbered 98-23732.
Borden's third assignment of error, alleging that the rejection of his plea of admit to gross sexual imposition was an abuse of discretion, is overruled. Pursuant to Juv.R. 40(E)(3)(b), a party may not assign as error on appeal the trial court's "adoption of any finding of fact or conclusion of law" contained in the magistrate's decision "unless that party has objected to that finding or conclusion under this rule." See Inre Etter (1998), 134 Ohio App.3d 484, 731 N.E.2d 694. Borden did not file objections to the magistrate's decision of July 7, 1999. Therefore, he has waived his right to assign on appeal any error except plain error.Id. After reviewing the record, we hold that nothing in the July 7, 1999, proceeding pertaining to the rejection of Borden's plea of admit to gross sexual imposition rises to the level of plain error.
Borden's fourth assignment of error alleges, and the state concedes, that the record does not indicated that Borden was given notice of the conditions of his probation or the nature of his alleged probation violation, in contravention of Juv.R. 34(C) and 35(B), and his right to due process.
The record does not reflect that the trial court complied with the notice provisions of Juv.R. 34(C) and 35(B), which require that the juvenile be given written notice of the conditions of his probation, and that he be apprised of the grounds upon which a revocation of that probation is proposed. In fact, the record does not contain an entry placing Borden on probation. Therefore, the finding of a probation violation must be reversed. See In re Royal (1999), 132 Ohio App.3d 496,725 N.E.2d 685. The fourth assignment of error is sustained.
Therefore, the judgment of the trial court is affirmed in part and reversed in part, and the cause is remanded for further proceedings consistent with law and this Judgment Entry. The state's motion to exclude all claims relating to the July 7, 1999, hearing is overruled.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Painter and Winkler, JJ.