OPINION
Defendant-appellant Quinn Harris appeals from the June 13, 2001, Judgment Entry of the Richland County Court of Common Pleas, Juvenile Division, adjudicating him a delinquent child. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On November 29, 1999, a complaint was filed in the Richland County Court of Common Pleas, Juvenile Court Division, alleging that appellant was a delinquent child by virtue of having knowingly obtained, possessed or used crack cocaine on or about November 24, 1999, in violation of R.C. 2925.11 and 2151.02(A), a felony of the fifth degree. The complaint was assigned Case No. 99-37420. At a hearing held on December 8, 1999, appellant entered a denial to the charge contained in the complaint.
Pursuant to a March 16, 2000, Magistrate's Decision and Judgment Entry that was approved and adopted by the trial court on March 22, 2000, appellant was adjudicated a delinquent child. Thereafter, on July 6, 2000, appellant was committed to the Department of Youth Services for a minimum of six months and a maximum until appellant attained the age of 21. However, the trial court suspended appellant's commitment and continued appellant on probation.[1]
Subsequently, on March 14, 2001, a complaint was filed in the Richland County Court of Common Pleas, Juvenile Court Division, alleging that appellant was a delinquent child. The complaint, which was assigned Case No. 01-39767, specifically alleged that appellant, on or about March 11, 2001, had knowingly sold or offered to sell cocaine, a schedule II controlled substance, in violation of R.C. 2925.03(A) and 2151.02(A), a felony of the fourth degree. Appellant was 17 years old at the time of the alleged offense. A trial was held before a Magistrate in Case No. 01-39767 on June 12, 2001.
At the conclusion of the testimony, the Magistrate, in a June 13, 2001, decision, recommended that appellant be found to be a delinquent child in Case No. 01-39767 based on the commission of the offense of trafficking in drugs, a felony of the fourth degree. As memorialized in a June 13, 2001, Judgment Entry, wherein the trial court approved and adopted the Magistrate's Decision, the trial court committed appellant to the Department of Youth Services for a minimum of six months and a maximum until appellant's attainment of the age of 21. In addition, the trial court reimposed appellant's previously suspended sentence in Case No. 99-37420 and ordered the same to be served consecutive to his sentence in Case No. 01-39767. Thus, appellant was sentenced to an aggregate sentence of one year to age 21.
On July 17, 2001, appellant filed a Notice of Appeal of the trial court's decision in Case No. 99-37420 and a separate Notice of Appeal of the trial court's decision in Case No. 01-39767. As memoralized in a Judgment Entry filed on August 20, 2001, this Court granted appellant's motion to consolidate the two appeals.
It is from his adjudication and sentence that appellant now prosecutes his appeal, raising the following assignments of error:
 THE TRIAL COURT VIOLATED QUINN HARRIS'S [SIC] RIGHT TO DUE PROCESS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE ONE, SECTION SIXTEEN OF THE OHIO CONSTITUTION, AND JUV. R. 29(E)(4) WHEN IT ADJUDICATED HIM DELINQUENT OF TRAFFICKING IN DRUGS ABSENT PROOF OF EVERY ELEMENT OF THE CHARGE AGAINST HIM BY SUFFICIENT, COMPETENT, AND CREDIBLE EVIDENCE.
 THE TRIAL COURT VIOLATED QUINN HARRIS'S [SIC] RIGHT TO NOTICE AND DUE PROCESS OF LAW AS GUARANTEED BY THE FIFTH
AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE, SECTION SIXTEEN OF THE OHIO CONSTITUTION WHEN IT DID NOT FOLLOW THE PROPER PROCEDURES FOR PROBATION REVOCATION AS SET FORTH IN JUVENILE RULE 35(B).
 THE JUVENILE COURT ERRED WHEN IT FAILED TO STATE THE TOTAL NUMBER OF DAYS QUINN HARRIS WAS HELD IN DETENTION PURSUANT TO R.C. 2151.355(F)(6).
For the reason which follows, we find it unnecessary to reach the merits of appellant's assignments of error.
As is stated above, the Magistrate's Decision was filed on June 13, 2001. However, appellant, in the case sub judice, never filed objections to the Magistrate's June 13, 2001, Decision in Case Nos. 01-39767 and 99-37420 in which the Magistrate concluded that appellant should be adjudicated a delinquent child. Nor did appellant request the Magistrate to issue findings of fact and conclusions of law pursuant to Juv. R. 40(E)(2).
Pursuant to Juv.R. 40(E)(3)(a), a party may file written objections to the magistrate's decision within fourteen (14) days after the filing of that decision. Pursuant to Juv.R. 40(E)(3)(b), if a party fails to file timely objections to the magistrate's decision, that party may not assign as error on appeal the trial court's adoption of any finding of fact or conclusion of law in the magistrate's decision. See In re Etter
(1998), 134 Ohio App.3d 484, 491-492. "The waiver under Juv. R. 40(E)(3)(b) embodies the long-recognized principle that the failure to draw the trial court's attention to possible error, by objection or otherwise, when the error could have been corrected, results in a waiver of the issue for purposes of appeal." In re Etter at 492, citingGoldfuss v. Davidson (1997), 79 Ohio St.3d 116, 121.
In the case sub judice, the failure to file objections to the magistrate's decision results in a waiver of appellant's right to assign as error on appeal the trial court's adoption of the same. See In reWaits (Oct. 15, 2001), Warren App. No. CA2001-01-009, unreported.
Accordingly, the judgment of the Richland County Court of Common Pleas, Juvenile Division is affirmed.
By EDWARDS, J., HOFFMAN, P.J. and GWIN, J. concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the decision of the Richland County Court of Common Pleas, Juvenile Division, is affirmed. Costs to appellant.
[1] Appellant already was on probation in a separate case (Case No. 97-33712).