DECISION.
Appellant Eugene Sweeten appeals from his commitment to the Ohio Department of Youth Services ("DYS") ordered by the juvenile court on April 18, 2001, pursuant to his adjudication as a delinquent child. In a plea agreement, the state dismissed a cocaine-possession charge in exchange for Sweeten's admission to a charge of preparation of crack cocaine for sale.
In his first assignment of error, Sweeten contends that during an April 10, 2001, adjudicatory hearing, the magistrate committed plain error in "failing to obtain a plea [sic] that was given knowingly, intelligently, and voluntarily." The assignment of error is overruled.
This court has repeatedly observed that Juv.R. 29(D) imposes an affirmative obligation upon the magistrate to make certain determinations on the record before accepting a juvenile's admission to the allegations of a complaint. See, e.g., In re Pope, 1st Dist. No. C-010306, 2002-Ohio-241; In re Etter (1998), 134 Ohio App.3d 484, 488,731 N.E.2d 694. The magistrate must address the child personally and determine (1) that the admission is voluntary and made with the understanding of the nature of the allegations and the consequences of the admission, and (2) that the child understands that, by admitting to the facts, he or she is waiving the right to challenge witnesses and evidence against him or her, the right to remain silent, and the right to introduce evidence at the adjudicatory hearing. See Juv.R. 29(D).
The record belies Sweeten's contention that the magistrate failed in these tasks. After an initial discussion, during which the state offered a plea agreement in which it would dismiss the possession charge in exchange for an admission to the preparation-of-cocaine charge, the magistrate had the assistant prosecutor read the facts of the alleged offense. The following exchange then ensued:
 The Magistrate: Okay, Eugene, you understand that charge, then?
Sweeten's Mother: Just say "yeah."
Sweeten: Yeah.
 The Magistrate: Okay. Are you making this plea under your own free will? Do you know what that means? It means voluntarily.
Assistant Prosecutor: You need (inaudible).
The Magistrate: Yes or no?
Sweeten: Yes, your honor.
 The Magistrate: Okay. You understand that when you admit to a charge you waive your right to have a trial.
 And when you have a trial you have a right to cross-examine which means question the witnesses the State calls or any evidence that they produce.
 You also have a right to remain silent during that trial. And you also have a right to use the power of subpoena to call your own witnesses. Do you understand all that?
Sweeten: Yes.
 The Magistrate: Okay. You understand that when you admit to this charge I'm going to make — adjudicate you delinquent automatically.
 And you could — you could get a work detail, court costs, be on probation, be on detention or since this is a felony you could go to DYS which is the Department of Youth Services for now it's just a minimum of six months or a maximum of age 21. Do you understand all that?
Sweeten: Yes.
 The Magistrate: Okay. Do you have any questions for me? No? Did you say "no"?
Sweeten: No.
The Magistrate: No? Okay. Mom, do you have any questions?
Sweeten's Mother: No.
 The Magistrate: Okay. I'll accept your plea of admit and I'll adjudicate delinquent. And I will dismiss the possession charge and adjudicate delinquent on the [preparation] charge. Okay.
 The magistrate carefully complied with Juv.R. 29(D) and affirmatively determined that Sweeten had been meaningfully informed of his rights and had thus knowingly, intelligently, and voluntarily waived them. The magistrate did not err. The first assignment of error is overruled.
In his second assignment of error, Sweeten contends that the magistrate committed plain error in accepting his waiver of counsel before accepting his admission. This assignment of error is overruled as the record reflects that the magistrate informed Sweeten of his right to counsel and made sufficient inquiry, employing informal language and encompassing the totality of the circumstances present, to determine whether Sweeten knowingly, intelligently, and voluntarily waived his right to counsel. See Juv.R. 29(B)(3); see, also, In re Johnson (1995), 106 Ohio App.3d 38,665 N.E.2d 247. As well, Sweeten and his mother signed a waiver-of-counsel-and-rights form which the magistrate journalized in the court record.
In his third assignment of error, Sweeten asserts that he was not present when the juvenile court sentenced him. Crim.R. 43(A), which requires that a criminal defendant be present at sentencing, is applicable to a delinquency adjudication. See, e.g., In re Cross (Dec. 11, 2000), 5th Dist. No. 2000CA00122. Nonetheless, a juvenile court is afforded some latitude to conduct its hearings in an "informal manner." See Juv.R. 27. Here, the record reflects that Sweeten was present at the adjudicatory hearing held on April 10, 2001. At that hearing the magistrate fully explained to Sweeten the range of sanctions available to the juvenile court at a dispositional hearing, including custody with DYS for six months to age twenty-one. Later that same morning, the juvenile court began a dispositional hearing and appointed counsel to represent Sweeten. The court continued the hearing in progress until April 18, 2001. On that date, Sweeten, his mother, and his appointed counsel were present before the court. Sweeten's counsel questioned the court about the length of sentence and credit for time served. As his contention is not supported by the record, the assignment of error is overruled.
In his fourth assignment of error, Sweeten contends that the juvenile court's granting of a new trial on both the possession and the preparation charges after Sweeten had successfully completed a polygraph examination violated his constitutional rights. This argument is feckless as Sweeten was not prejudiced by the court's use of the polygraph results. Indeed, Sweeten benefited when the juvenile court judge kept her word by "giv[ing him] a new trial" upon passing the examination. Two serious adjudications were dismissed, and the state again assumed the burden of proving the offenses. The assignment of error is overruled.
In his fifth assignment of error, Sweeten claims that his several trial attorneys failed to file various objections, failed to notify him that he had the right to be represented by counsel during the polygraph examination, and failed to move to have his ultimate admission set aside. He claims these were substantial failures of essential duties which denied him the effective assistance of counsel guaranteed by the federal or Ohio constitutions. See, also, Juv.R. 4.
After reviewing the entire record, including the conduct of Sweeten's several trial counsels, we hold that the record does not demonstrate that counsels' efforts were deficient or that Sweeten was prejudiced in any way as to deny him a proceeding whose result was reliable and fundamentally fair. See Lockhart v. Fretwell (1993), 506 U.S. 364, 370,113 S.Ct. 838; see, also, Strickland v. Washington (1984), 466 U.S. 688,104 S.Ct. 2052. The fifth assignment of error is overruled.
Therefore, the judgment of the juvenile court is affirmed.
Judgment affirmed.
Doan, P.J., Hildebrandt and Gorman, JJ.