This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Jamekia Stanford, appeals from the judgment of the Summit County Court of Common Pleas, Juvenile Division, that found her delinquent and sentenced her to the Ohio Department of Youth Services (ODYS). We affirm.
On November 11, 2001, Appellant was charged with assault, in violation of R.C. 2903.13(C)(2)(b). Following Appellant's admission to the assault charge, the magistrate found her delinquent and sentenced her accordingly. The trial court approved the magistrate's decision. Appellant timely appeals, raising two assignments of error, which we will address collectively as they concern similar issues of law and fact.
 ASSIGNMENT OF ERROR I " Appellant was denied her right to counsel because the magistrate did not adequately determine that she made a voluntary, intelligent, and knowing waiver of the right to counsel."
 ASSIGNMENT OF ERROR II "The trial court erred when it accepted Appellant's admission because Appellant did not enter a voluntary, intelligent, and knowing admission to the complaint of felony assault since the magistrate failed to determine that Appellant understood the nature of the allegations and that she was waiving her constitutional rights when entering the admission."
In her first assignment of error, Appellant avers that the magistrate did not adequately determine whether her waiver of the right to counsel was voluntary, intelligent, or knowing and, thus, the magistrate denied her the right to counsel. Similarly, in her second assignment of error, Appellant alleges that the magistrate did not conduct a sufficient inquiry to determine whether her admission was voluntary, intelligent, or knowing. As such, the magistrate should not have accepted her admission. Appellant's assignments of error lack merit.
In the instant case, Appellant failed to object to the magistrate's decision. Pursuant to Juv.R. 40(E)(3)(a) and Civ.R. 53(E)(3)(a), Appellant could have filed written objections to the magistrate's decision within fourteen days after the filing of that decision. Absent objections to the magistrate's findings or conclusions, a party shall not assign as error on appeal the magistrate's findings or conclusions as stated in the decision or "the court's adoption of any finding of fact or conclusion of law[.]" See Lewis v. Savoia (Aug. 28, 1996), 9th Dist. No. 17614, at 3, quoting Civ.R. 53(E)(3)(b). See, also, Juv.R. 40(E)(3)(b) and Civ.R. 53(E)(3)(b). Due to Appellant's failure to object to the magistrate's decision, she has deprived the trial court of the opportunity to correct the alleged error in the first instance and has thereby waived her right to appeal the findings and conclusions contained in the magistrate's decision. See In re Etter (1998), 134 Ohio App.3d 484, 492, citingGoldfuss v. Davidson (1997), 79 Ohio St.3d 116, 121. See, also, Lewis at 3; In re Clayton (Nov. 9, 2000) 8th Dist. No. 75757 (O'Donnell, P.J., dissenting).
Notwithstanding Appellant's failure to object to the magistrate's findings and conclusions, upon a review of the transcript of the proceedings, we find that the trial court conducted a comprehensive inquiry to establish that Appellant's waiver of counsel was voluntary, intelligent, and knowing and its inquiry in relation to her admission of guilt was in compliance with Juv.R. 29(D). As such, the trial court did not err by accepting Appellant's waiver of counsel or her admission of guilt. Accordingly, Appellant's first and second assignments of error are overruled.
Appellant's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Juvenile Division, is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
WHITMORE, J., BATCHELDER, J. CONCUR.