DECISION AND JUDGMENT ENTRY
{¶ 1} David and Anna Anderson appeal the judgment of the Athens County Court of Common Pleas, Juvenile Division, that awarded permanent custody of their two children to Athens County Children Services (ACCS). Mr. and Mrs. Anderson allege that the trial court erred by failing to appoint a guardian ad litem. Because we find that Mr. and Mrs. Anderson have not proven that Mrs. Anderson suffered prejudice as a result of the trial court's failure to appoint a guardian ad litem for her, we disagree. Accordingly, we affirm the judgment of the trial court.
 I. {¶ 2} Mr. and Mrs. Anderson are the parents of Steven and Anna Anderson. In March 2001, ACCS removed the children from Mr. and Mrs. Anderson's home. Mr. and Mrs. Anderson admitted that the children were dependent, and the trial court granted temporary custody of the children to ACCS. In February 2002, ACCS sought permanent custody of Steven and Anna. In May of 2002, the trial court dismissed the pending case. Two days later, ACCS filed a new complaint alleging that the children were neglected and dependent and seeking permanent custody. After an adjudicatory hearing, the trial court found that the children were neglected and dependent. The trial court then held a dispositional hearing and granted permanent custody to ACCS. Both parents were represented by counsel at these hearings.
 {¶ 3} Mr. and Mrs. Anderson appeal and assert the following assignment of error: "The trial court erred in not appointing a guardian ad litem for appellant Anna Anderson to protect the interest of appellant contrary to the provisions of Section 2151.281 of the Revised Code and Juvenile Rule 4(B)."
 II. {¶ 4} In their only assignment of error, Mr. and Mrs. Anderson argue that the trial court erred by failing to appoint Mrs. Anderson a guardian ad litem. They assert that the trial court was aware of her mental incompetence because it had heard evidence of her IQ score of 67 and her diagnosis of borderline to mild mental retardation.
 {¶ 5} Juv.R. 4(B) provides, in part: "The court shall appoint a guardian ad litem to protect the interests of a child or incompetent adult in a juvenile court proceeding when: * * * (3) The parent is under eighteen years of age or appears to be mentally incompetent; * * *."
 {¶ 6} R.C. 2151.281 provides, in part: "(C) In any proceeding concerning an alleged or adjudicated delinquent, unruly, abused, neglected, or dependent child in which the parent appears to be mentally incompetent or is under eighteen years of age, the court shall appoint a guardian ad litem to protect the interest of that parent."
 {¶ 7} Juv.R. 4(B) and R.C. 2151.281(C) ensure the protection of an incompetent adult in a juvenile proceeding by mandating that the juvenile court appoint a guardian ad litem for an adult who appears to be incompetent. In re Baby Girl Baxter (1985), 17 Ohio St.3d 229. The first step in determining whether a juvenile court complied with Juv.R. 4(B) and R.C. 2151.281(C) is to consider whether the adult appeared "mentally incompetent" during the trial court proceedings. In re McMunn (Jan. 24, 1990), Hocking App. No. 88CA8.
 {¶ 8} Here, Liesl Gyurko, an employee of ACCS, testified at the dispositional hearing that Mr. and Mrs. Anderson appeared "lower functioning" during her interaction with them. Angela Everson Ray testified that she administered psychological tests to Mr. and Mrs. Anderson and that Mrs. Anderson scored a 67 on the full scale IQ test. Ray concluded from this test that Mrs. Anderson would have been eligible for services through the Athens County Mental Retardation and Developmental Disabilities ("MRDD") Board. Thus, there was some indication that Mrs. Anderson may have appeared "mentally incompetent" during the proceedings below.
 {¶ 9} This, however, is not the end of our analysis. We do not presume prejudice when the trial court does not follow the mandates of Juv.R. 4. In re King-Bolen, Medina App. Nos. C.A. 3196-M, C.A. 3201-M, C.A. 3231-M, and C.A. 3200-M, 2001-Ohio-1412; McMunn. Any error in failing to appoint a guardian ad litem does not constitute reversible error where there is no request for a guardian ad litem and/or there is no prejudice shown by the appellant. McMunn, citing In the Matter ofLikens (Oct. 24, 1986), Greene App. No. 85CA80; In re McQuitty (May 5, 1986), Warren App. No. CA885-04-016.
 {¶ 10} Here, Mrs. Anderson never requested that the trial court appoint a guardian ad litem for her.[1] Mr. and Mrs. Anderson argue that Mrs. Anderson was prejudiced because she failed to receive the protection and assistance of a guardian ad litem. She reasons that a guardian ad litem could have helped her with the problems that, in part, caused her to lose her children. The court partially based its decision to award permanent custody to ACCS on Mr. and Mrs. Andersons': (1) inability to follow through with services through the MRDD Board, (2) failure to regularly attend counseling, and (3) failure to attend all available visitation. ACCS caseworker Gyurko testified that the parents did better with these issues "with constant prompting from outside agencies (sic)
community resources."
 {¶ 11} We are not persuaded that Mrs. Anderson was prejudiced by the failure of the trial court to appoint a guardian ad litem.
 {¶ 12} First, Mr. Mrs. Anderson have an identity of interest. It is likely that the trial court would have granted ACCS permanent custody of the children even if it had appointed a guardian ad litem for Mrs. Anderson because Mr. Anderson was competent during the proceedings and still did not address the problems that caused Mr. and Mrs. Anderson to lose her children.
 {¶ 13} Second, we cannot find, as a matter of law, that it is a guardian ad litem's duty to constantly prompt his or her client to take advantage of available services. "The role of guardian ad litem is to investigate the ward's situation and then to ask the court to do what the guardian feels is in the ward's best interest." Baby Girl Baxter,17 Ohio St.3d at 232. A guardian ad litem is different from a general guardian who has the general care and control of the person. King-Bolen, citing Inre Etter (1998), 134 Ohio App.3d 484, 490. Thus, even if Mrs. Anderson would have had a guardian ad litem, it would not have been the guardian ad litem's duty to provide her with the "constant prompting" that Mrs. Anderson needed to address the problems that eventually caused her to lose her children.
 {¶ 14} Third, Mr. and Mrs. Anderson received help from the children's guardian ad litem (who offered them transportation to appointments and visitation) and ACCS caseworkers (who offered them transportation or taxi vouchers to appointments and visitations and gave them a calendar each month that included all of their appointments and visitations) to address the problems that eventually led to the trial court's decision. This help did not prevent Mr. and Mrs. Anderson from consistently failing to follow through with and participate in the programs intended to help them regain custody of their children. Mr. and Mrs. Anderson have not shown how an additional person offering assistance to Mrs. Anderson would have induced her to remedy the problems.
 {¶ 15} Accordingly, we find that Mr. and Mrs. Anderson has not met their burden of proving that Mrs. Anderson was prejudiced by the trial court's failure to appoint a guardian ad litem and overrule their only assignment of error. Therefore, we affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellees recover of Appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Court of Common Pleas, Juvenile Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Abele, P.J. and Harsha, J. Concur in Judgment and Opinion.
[1] Mr. and Mrs. Anderson's counsel asserts that he did not petition the court for a guardian ad litem because doing so would have been contrary to Mrs. Anderson's instructions. Apparently, to their counsel, Mr. and Mrs. Anderson both disputed Mrs. Anderson's diagnosis of mental retardation. We cannot consider this information because App.R. 9(A) limits our consideration to "original papers and exhibits thereto filed in the trial court." Mr. and Mrs. Anderson's counsel did not include this information in the record of the proceedings in the trial court.