OPINION
{¶ 1} Appellant Daniel McDonald, Sr. ("father") appeals the November 2, 2006 Judgment Entry entered by the Licking County Court of Common Pleas, Juvenile Division, which terminated his parental rights, privileges, and obligations with respect to four minor children, and granted permanent custody of the children to appellee Licking County Department of Job and Family Services, Children Services Division ("the department").[1]
 STATEMENT OF THE FACTS AND CASE {¶ 2} Father is the biological father of Chelsea McDonald (DOB 7/10/98); Kassandra McDonald (DOB 11/10/99); and Daniel McDonald, Jr. (DOB 12/7/00). The biological father of Samantha Williams (DOB 4/23/95) is deceased. The department had a previous involvement with the family in 2003, which ultimately resulted in father completing his case plan and receiving custody of all four children. Subsequently, on December 7, 2005, the department filed a complaint for permanent custody after learning father was incarcerated for felony theft, and breaking and entering. Additionally, the children were staying with Larry Williams, the maternal grandfather, despite the fact father had been ordered not to permit the grandfather to have contact with the children.
 {¶ 3} The trial court placed the children in the emergency shelter care custody of the department on December 8, 2005. The magistrate conducted a contested adjudicatory hearing on February 28, 2006, and March 2, 2006. After hearing the evidence, the magistrate found all four children were dependent children as alleged. *Page 3 
 {¶ 4} The department later requested the trial court grant it permanent custody of the children. The magistrate decided it would be in the children's best interests to allow the parents an opportunity to work on their case plans. The magistrate continued temporary custody of the children with the department, thereby denying the department's request for permanent custody.
 {¶ 5} On July 20, 2006, the department filed a second motion for permanent custody. The magistrate conducted a hearing on the motion on October 16, 2006. The magistrate issued a Decision on November 2, 2006, finding the children could not and should not be placed with either parent within any reasonable time period, the parents had failed continuously and repeatedly to remedy the condition which existed at the time of the children's removal from their home and it would be in the children's best interests to grant permanent custody to the department. The magistrate recommended granting permanent custody to the department and terminating all of the parents' parental rights with respect to the children. Father received a notice entitled "Right to Filed Written Objections". Via Judgment Entry filed November 2, 2006, the trial court gave immediate effect to the Decision of Magistrate as an interim order and noted the parties' right to object to the decision. The trial court approved and adopted the magistrate's decision as the order of the court. Father did not file written objections within the requisite fourteen day period.
 {¶ 6} It is from the November 2, 2006 Judgment Entry father appeals, raising the following assignments of error:
 {¶ 7} "I. THE FINDING IN PARAGRAPH 8 OF THE MAGISTRATE'S FINDINGS OF FACTS WAS IMPROPER IN THAT HE FOUND THAT BY CLEAR AND *Page 4 
CONVINCING EVIDENCE THAT THE PARENTS ARE INCAPABLE OF MEETING THE CHILDREN'S NEEDS NOW OR IN THE FORESEEABLE FUTURE.
 {¶ 8} "II. THE FINDINGS IN PARAGRAPHS 9 AND 10 OF THE MAGISTRATE'S FINDINGS OF FACTS WERE IMPROPER IN THAT HE FOUND THAT IT IS IN THE BEST INTEREST [SIC] OF THE CHILDREN TO PERMANENTLY TERMINATE ALL PARENTAL RIGHTS AND TO PLACE THE CHILDREN IN THE PERMANENT CARE AND CUSTODY OF THE AGENCY BASED ON THE FACTORS IN SECTION 2151.414."
 {¶ 9} This appeal is expedited and is being considered pursuant to App. R. 11.2(C).
 {¶ 10} For the reason which follows, we find it unnecessary to discuss the merits of father's assignments of error. As set forth in our Statement of the Facts and Case, supra, the magistrate filed his decision on November 2, 2006. Father did not file objections to the magistrate's decisions, despite having been advised in a written document of such right.
 {¶ 11} Pursuant to Juv. R. 40(E)(3)(a), a party may file objections to the magistrate's decision within fourteen days after the filing of said decision. If a party fails to file timely objections to a magistrate's decision, that party may not assign as error on appeal, the trial court's adoption of any finding of fact or conclusion of law in the magistrate's decision. See, Juv. R. 40(E)(3)(b); In Re: Etter (1998),134 Ohio App. 3d 484, 491-492; In the Matter of: Paige Miller, DependentChild, Licking App. No. 04CA32, 2005-Ohio-856. "The waiver under Juv. R. 40(E)(3)(b) embodies the long-recognized principle that the failure to draw the trial court's attention to possible error, by objection *Page 5 
or otherwise, when the error could have been corrected, results in a waiver of the issue for purposes of appeal." In Re: Etter, supra at 492 (Citations omitted).
 {¶ 12} Because father failed to file objection to the magistrate's decision, he has waived his right to assign as error on appeal the trial court's adoption of the same.
 {¶ 13} Father's first and second assignments of error are overruled.
 {¶ 14} The judgment of the Licking County Court of Common Pleas, Juvenile Division, is affirmed.
 Hoffman, P.J. Wise, J. and Edwards, J. concur. *Page 6 
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Court of Common Pleas, Juvenile Division, is affirmed. Costs assessed to appellant.
[1] Ariane Williams, the mother of the children, is not a party to this appeal. *Page 1