OPINION
{¶ 1} Angela Underwood appeals from an order terminating her parental rights and granting permanent custody of her minor child, A.U., to the Montgomery County Children Services (MCCS). Deloris Underwood, the child's maternal grandmother, also appeals from the denial of her request for custody. Both appellants contend that the record does not support the decision of the trial court. Angela Underwood also contends that the trial court abused its discretion in denying her motion for a continuance of the custody hearing.
 {¶ 2} We conclude that the evidence in the record is sufficient to support the trial court's conclusion that awarding permanent custody of the child to MCCS is in the child's best interest. We further conclude that the trial court did not abuse its discretion by denying the mother's motion for a continuance.
 {¶ 3} Accordingly, the judgment of the trial court is affirmed.
 I {¶ 4} The minor child, A.U., was born on May 1, 1999, and resided with her mother. On January 25, 2002, MCCS filed a neglect and dependency complaint alleging that Angela Underwood and A.U. were residing in the home of Deloris Underwood and that the housing was unsuitable. Temporary custody was granted to the child's maternal aunt, Anna Underwood. The child resided with the aunt until May 17, 2002, when the aunt requested that the child be returned to MCCS. The child was placed in a foster home. Deloris Underwood filed a petition for custody of the child, under a different case number. The petition was denied.
 {¶ 5} During the time that the child resided with the aunt, MCCS created a case plan for reunification of the child with the mother. The plan required that Angela Underwood obtain and maintain suitable housing and income, undergo a psychological assessment and remain drug-free. Since Deloris Underwood filed a petition for custody of the child, MCCS also created a case plan for her which solely required that she undergo a psychological assessment. Neither Angela or Deloris completed any portion of the case plans.
 {¶ 6} In March, 2003, MCCS filed a motion for permanent custody. Deloris Underwood filed a motion for legal custody of the child. A hearing was conducted on October 3, 2003. Anna Underwood, the child's aunt, did not file a motion, but did make an oral request for custody of the child. At the beginning of the hearing, Angela Underwood requested a continuance. The request was denied. Following the hearing, the magistrate granted MCCS's motion for custody and denied the motion filed by Deloris Underwood. Objections were filed by Deloris Underwood and Angela Underwood. The objections were overruled by the trial court and the decision of the magistrate was adopted.
 {¶ 7} Angela Underwood and Deloris Underwood appeal from the judgment of the trial court.
 II {¶ 8} Angela Underwood's First Assignment of Error is as follows:
 {¶ 9} "Whether the trial court erred to the appellant's detriment when it entered judgment against the manifest weight of the evidence."
 {¶ 10} In this Assignment of Error, Angela Underwood contends that the trial court's decision to grant MCCS custody of the child is erroneous. In support, she contends that an award of custody to the aunt is in the child's best interest.
 {¶ 11} Pursuant to R.C. 2151.414(B), a trial court may give an agency permanent custody of a minor child if it decides, by clear and convincing evidence, that the placement is in the best interest of the child and if the child "has been in the temporary custody of [the agency] for twelve or more months of a consecutive twenty-two month period".
 {¶ 12} R.C. 2151.414(D) requires trial courts to consider all relevant factors in determining a child's best interests, including, but not limited to the following:
 {¶ 13} "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 14} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 {¶ 15} "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twentytwo month period ending on or after March 18, 1999;
 {¶ 16} "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency."
 {¶ 17} On review, this court must affirm the decision of the trial court unless its determination is not supported by clear and convincing evidence. Clear and convincing evidence is proof that produces "in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." In rePieper Children (1993), 85 Ohio App.3d 318, 326, citations omitted.
 {¶ 18} Angela Underwood's argument centers on her claim that the aunt is a suitable legal custodian for the child and that the child's best interests would be served by granting custody to the aunt.
 {¶ 19} Our review of the record indicates that the trial court considered the appropriate factors in determining that the best interests of the child would not be met by placing the child with the aunt. Specifically, with regard to the first statutory factor — the child's interaction with the aunt — we note that after keeping the child for approximately three months, the aunt relinquished custody and severed all contact with the child, Angela Underwood and Deloris Underwood. We also note that the aunt did not seek custody, either permanent or temporary, until after she learned that a permanent custody hearing would be held. In fact, the aunt had no contact with the child from June of 2002 until March of 2003, when she learned that a permanent custody hearing would take place. Additionally, the record indicates that one of the aunt's children, A.U.'s cousin, was abusive to the child during the time A.U. resided with the aunt.
 {¶ 20} With regard to the second factor — the wishes of the child — the record indicates that the child's Guardian Ad Litem recommended that the agency be given custody.
 {¶ 21} Finally, the record shows that A.U. had been in the agency's custody for well over a year and that she needed legally secure permanent placement. The record shows that A.U. did well in foster care.
 {¶ 22} The magistrate specifically found that "the aunt has shown little dedication to providing continuing care for this child. The aunt returned the child to Montgomery County Children Services after having been granted temporary custody. She stated that she would not return the child a second time, but the Court found little credibility in her statement."
 {¶ 23} The trial court, in denying the objections of the mother and grandmother to the magistrate's decision stated: "As for Anna Underwood, the maternal aunt, the Court finds her unsuitable as well, due to the fact that she relinquished custody of the child due to an altercation and harassment from the mother and grandmother. Ms. Anna Underwood did not first seek assistance from the agency before relinquishing custody to MCCS. Further, Ms. Anna Underwood allowed the grandmother to baby-sit the child even though she had concerns about her mental health."
 {¶ 24} Our review of the record indicates that the appropriate factors were considered in determining the best interests of the child, and that the trial court's findings in this regard are supported by the evidence in the record. We also conclude that the trial court did not err in determining that a placement with the aunt was not in the best interest of A.U. Therefore, Angela Underwood's First Assignment of Error is overruled.
 III {¶ 25} Angela Underwood's Second Assignment of Error is as follows:
 {¶ 26} "Whether the trial court erred by denying appellant's motion for a continuance based on mother's temporary incompetency to assist counsel in trial."
 {¶ 27} Angela Underwood contends that the trial court should have granted her request for a continuance of the custody hearing. In support, she notes that she had been found incompetent to stand trial in an unrelated criminal case and that she had been referred to a treatment center. She argues therefore that the trial court should have permitted her the opportunity to seek treatment. She further argues that once she had been restored to competency she could have assisted her counsel during the permanent custody hearing.
 {¶ 28} "The grant or denial of a continuance is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of that discretion." Schaefer v.Stephenson, Miami App. No. 2001-CA-46, 2002-Ohio-398, citation omitted. "An abuse of discretion implies that the trial court acted with an arbitrary, unreasonable or unconscionable attitude when denying the continuance." Id., citations omitted. Whether a trial court has abused its discretion in denying a motion for a continuance depends upon the circumstances, "`particularly * * * the reasons presented to the trial judge at the time the request is denied.'" Ungar v. Sarafite (1964), 376 U.S. 575, 589,84 S.Ct. 841, 11 L.Ed.2d 921.
 {¶ 29} In this case, the record shows that the order in the criminal case was filed on July 22, 2003, but Angela waited until October 3, 2003, the day of the hearing, to seek a continuance. No mention was made, and nothing in the record indicates, the length of time that she would remain incompetent. Indeed, the criminal statute under which she was referred for treatment permits treatment to continue for up to one year. See, R.C.2945.38. Thus, if the trial court had granted the continuance, the child could have remained in custodial limbo for another year. This would not have been in the child's best interest. In any event, prior to being declared incompetent, Angela Underwood expressed her desire that Anna Underwood be granted custody of the child. Therefore, the key issue underlying this Assignment of Error is whether Angela's incompetence affected the issue of whether the aunt was a suitable custodian. We cannot say that it did.
 {¶ 30} We note that the trial court in this case appointed an attorney as legal counsel for Angela. The trial court also appointed a guardian ad litem to represent Angela's interests. Angela was present during the custody hearing and she was represented by two competent attorneys. The purpose of appointing a guardian ad litem is to secure for a juvenile or an incompetent person proper defense or adequate protection of his or her rights. In re Etter (1998), 134 Ohio App.3d 484, 490 citation omitted. From our review of the hearing, we cannot say that Angela's rights were not adequately protected; especially in light of the fact that she did not seek to retain custody, but instead sought to have custody granted to her sister.
 {¶ 31} We conclude that the trial court did not abuse its discretion by denying the motion for a continuance. Accordingly, Angela Underwood's Second Assignment of Error is overruled.
 IV {¶ 32} Deloris Underwood raises the following Assignments of Error:
 {¶ 33} "The trial court erred in finding that there was clear and convincing evidence that there was not a suitable relative available to place the child with.
 {¶ 34} "The trial court erred to appellant's prejudice when it found that there was clear and convincing evidence that the child's best interests would be served by a permanent custody award to the agency."
 {¶ 35} Both of these Assignments of Error center on the claim that the trial court should have granted permanent custody of the child to Deloris Underwood, because this would have been in the child's best interests.
 {¶ 36} This court has held that "courts do not have to first consider placing children with relatives before they may award permanent custody to a children services agency." In re AmandaWilliams (Sept. 15, 2000), Montgomery App. No. 18217, citation omitted. Instead, the trial court must determine what placement would be in the best interests of the child. Id.
 {¶ 37} In this case, the trial court found that Deloris was not a suitable custodian. The record demonstrates that she failed to complete, or even attempt to complete, her case plan and she failed to permit MCCS to enter her home in order to do a home study regarding the suitability of the home. Deloris lives in a house with her disabled brother and at least one of her own children. All of the occupants of the house live on food stamps and an income of approximately $500 per month, which represents monies paid to the brother on account of his disability. Deloris Underwood has no other source of income and is unable to provide for the child financially. Additionally, without being able to perform a home study, there is no way to determine whether the conditions in the residence that initially led to the removal of the child from the home have been rectified. There is also evidence in the record to support a finding that Deloris Underwood continually argued with MCCS staff, that she exposed her breast to MCCS staff, and that she also upset the child during visitation.
 {¶ 38} We find, as stated above, that the trial court properly considered all aspects of the child's life and her relationships when determining what course of action would be in her best interest. We conclude that the evidence in this record supports the trial court's conclusion that it would not be in the child's interest to be placed with her maternal grandmother. Therefore, we find no merit in these assignments of error.
 {¶ 39} Deloris Underwood's First and Second Assignments of Error are overruled.
 V {¶ 40} All of the assignments of error of both appellants having been overruled, the judgment of the trial court is affirmed.
Brogan and Wolff, JJ., concur.