[Cite as *In re S.D.*, 2016-Ohio-5442.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

IN RE:

S.D., A.D., and S.D.

:
:
:
:
:
:
:
:
:
:
:
:

Appellate Case No. 27008

Trial Court Case Nos. 2013-7176
2013-7177
2013-7178

(Juvenile Appeal from
Common Pleas Court)

. . . . . . . . . .

O P I N I O N

Rendered on the 19th day of August, 2016.

. . . . . . . . . .

MATHIAS H. HECK, JR., by MEAGAN D. WOODALL, Atty. Reg. No. 0093466, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45402
      Attorney for Appellee

JEFFREY T. GRAMZA, Atty. Reg. No. 0053392, 101 Southmoor Circle NW, Kettering, Ohio 45429
      Attorney for Appellant

. . . . . . . . . . . . .

FAIN, J.

     **{¶ 1}** R.D. appeals from a judgment of the Montgomery County Court of Common

Pleas, Juvenile Division, awarding permanent custody of her three children, S.D., A.D.,

and S.D.2, to Montgomery County Children Services (MCCS). She contends that the evidence does not support a finding that the children cannot be placed with her within a reasonable time, or that the children should not be placed with her. She further contends that the evidence does not support a finding that awarding permanent custody to MCCS is in the best interest of the children.

{¶ 2} We conclude that there is clear and convincing evidence in the record to support the judgment. The record reveals that the children had been in the custody of MCCS for more than twelve months preceding the filing of the complaint for permanent custody, and that the best interest of the children is served by awarding permanent custody to the Agency. Accordingly, the judgment of the juvenile court is Affirmed

## I. The Course of Proceedings

{¶ 3} R.D. is the biological mother of S.D., A.D., and S.D.2. In October 2013, MCCS filed a complaint alleging that the children were neglected and dependent. According to the complaint, MCCS had been involved with the family for several months. MCCS alleged that R.D. was living with her children "in deplorable housing conditions * * * [with] trash and rotting food throughout the home. The home was infested with rats, mice and bed bugs. The home had no running water, the toilet had feces in it but could not be flushed." The Agency alleged that R.D. failed to stay in contact with the Agency, and moved the kids into a small apartment, from which they were evicted; at which point the children began living with relatives, and R.D. began living with a friend. The children's father was released from prison following a felony Domestic Violence conviction, and became re-involved with the family. According to the Agency, R.D.

abuses drugs, and was reported by family members to be engaged in prostitution.

{¶ 4} Temporary custody of the children was awarded to MCCS in October 2013, at which time they were placed with a relative. Following a hearing, the children were adjudicated dependent by order filed January 14, 2014. A case plan was developed, which required R.D. to obtain and maintain stable housing and income, complete a drug/alcohol assessment with any required follow-up care, submit to unannounced home visits and random drug screens, and sign releases permitting MCCS to access her information. The children stayed with the relative until June 2014, when they were placed in foster care.

{¶ 5} On September 25, 2015, MCCS moved for permanent custody. A hearing was held in January 2016, at which time S.D. was 15, A.D. was 14, and S.D.2 was 12. At the start of the hearing on the motion, the children's father appeared, with counsel, and voluntarily relinquished his parental rights to the children. Following the hearing, the juvenile court found that it was in the best interest of the children to award permanent custody to MCCS.

{¶ 6} R.D. appeals.

## II. There Is Evidence in the Record to Support the Trial Court's Finding Concerning the Best Interests of the Children

{¶ 7} R.D.'s sole assignment of error states as follows:

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN GRANTING PERMANENT CUSTODY TO MONTGOMERY COUNTY CHILDREN SERVICES, AS THE AGENCY FAILED TO PROVE BY CLEAR

AND CONVINCING EVIDENCE THAT PERMANENT CUSTODY WAS IN THE BEST INTEREST OF THE CHILDREN AND THAT THE CHILDREN COULD NOT BE PLACED WITH MOTHER WITHIN A REASONABLE PERIOD OF TIME OR SHOULD NOT BE PLACED WITH MOTHER.

{¶ 8} R.D. contends that the juvenile court's decision regarding the best interest of the children is not supported by the evidence. She further contends that there was insufficient evidence to establish that the children could not be placed with her within a reasonable time, or should not be placed with her.

{¶ 9} It is undisputed that the children had been in the custody of MCCS for twelve or more months of a consecutive 22 month period. Under these circumstances, R.C. 2151.414(B)(1)(d) permits the court to grant permanent custody to MCCS if the court determines at a hearing held pursuant to R.C. 2151.414(A), "by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody * * *." "Where children have been in agency custody for the required time, the agency does not have to establish that the child cannot be placed with a parent within a reasonable time or should not be placed with a parent. The only consideration is the child's best interests." *In re A.U.*, 2d Dist. Montgomery Nos. 20583, 20585, 2004-Ohio-6219, at ¶ 26. Thus, we need not address the issue of whether the juvenile court erred by finding that the children could not be placed with R.D. within a reasonable time, or should not be placed with her; the trial court was not required to make that finding. Nor does including that superfluous finding in its findings render the decision invalid. *In re S.H.*, 2d Dist. Montgomery Nos. 24619, 24644, 2011-Ohio-4721, ¶ 9.

{¶ 10} The issue to be determined then, is whether the award of permanent custody to MCCS is in the best interest of the children. To make that finding, the juvenile court must examine the factors set forth in R.C. 2151.414(D). Those factors include:

(a) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;

(b) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;

(c) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period, * * *;

(d) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency; [and]

(e) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child.

{¶ 11} We conclude that the juvenile court's best-interest finding demonstrates proper consideration and application of the factors listed above. The children are bonded with R.D. All three children expressed the desire to be with their mother. The trial court's decision recommended the continuation of visitation between R.D. and the

children following an award of custody to MCCS.

{¶ 12} But the evidence in the record is that the children are doing well in their foster placements, and that all three are bonded with their foster families. S.D.2 and A.D. live in the same home, while S.D. is in a separate foster home.   The children attend the same school system, and see each other on a regular basis.   All three are doing well in school.   S.D. and A.D. are involved in extracurricular activities.   While S.D.2 appeared to be unhappy that she is not living with her mother, both she and A.D. expressed the desire to remain in their current placement in order to complete the school year.   Also, A.D. was afraid of losing his current placement if his mother was unable to maintain custody.   The special needs of S.D. and A.D. are being appropriately met by the foster families. The guardian ad litem appointed for the children recommended that custody be awarded to MCCS.

{¶ 13} The juvenile court found that the children had been in the temporary custody of MCCS for more than 12 out of 22 months.   Indeed, at the time the motion for permanent custody was filed, the children had been in the temporary custody of MCCS for almost two years.

{¶ 14} The trial court noted that R.D. had failed to comply with her case plan. At the hearing, she admitted that she continued to use marijuana and alcohol, but denied any other drug use.   Following each of three random drug screens, she agreed, but failed, to undergo treatment, despite appropriate referrals.   Although living in appropriate housing, which she claimed to be leasing, she failed to produce a lease to verify the stability of the housing.   She also failed to provide verification of income.

{¶ 15} The children have been in the custody of MCCS for over two years, and are

in need of a legally secure placement. No relatives are available for placement, and R.D. has failed to correct the issues that caused the removal of the children, despite appropriate referrals and services.

{¶ 16} We conclude that the record contains evidence sufficient to meet the clear and convincing standard set forth in R.C. 2141.414(B) with regard to whether a grant of permanent custody to an agency is in the best interest of the children. Accordingly, R.D.'s sole assignment of error is overruled.

## III. Conclusion

{¶ 17} R.D.'s sole assignment of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . .

FROELICH and HALL, JJ., concur.

Copies mailed to:

Mathias H. Heck, Jr.
Meagan D. Woodall
Jeffrey Gramza
Hon. Nick Kuntz