[Cite as *In re M.B.*, 2018-Ohio-3401.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

IN RE: M.B.

:
:
:       Appellate Case No. 27956
:
:       Trial Court Case No. F-2015-5957-0D
:
:       (Appeal from Common Pleas Court-
:       Juvenile Division)
:
:

. . . . . . . . . . .

O P I N I O N

Rendered on the 24th day of August, 2018.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384 and SARAH E. HUTNIK, Atty. Reg. No. 0095900, Assistant Prosecuting Attorneys, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
    Attorneys for Plaintiff-Appellee Montgomery County Dept. of Job and Family Services

ROBERT ALAN BRENNER, Atty. Reg. No. 0067714, P.O. Box 340214, Beavercreek, Ohio 45434
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} The Montgomery County Department of Job and Family Services – Children Services Division (MCCS) filed a motion on August 3, 2017 seeking permanent custody of M.B., a female born in 2003. M.B., when the motion was filed, had been in the temporary custody of MCCS since January 2015. The motion for permanent custody was filed under R.C. 2151.413 and referenced R.C. 2151.414(B)(1 and/or 2) and R.C. 2151.414(E)(1, 2, 4, 14 and 16).

{¶ 2} The permanent custody hearing was conducted on February 28, 2018. M.B.'s mother, based upon her August 2017 relinquishment of parental rights, did not attend the hearing, nor was she represented by counsel. M.B.'s father (hereinafter Father), who lives in Texas, did not attend the hearing, but he was represented by counsel. Father's attorney, at the commencement of the hearing, made an oral motion to continue the hearing. The rationale for the motion was that Father was on parole in Texas until June 2018, and, as such, was unable to attend the hearing. The juvenile court overruled the motion stating that Father had been provided ample notice of the hearing, that there was no indication that Father had sought permission from the Texas parole authority to attend the hearing, and that the motion was not made until the day of the hearing.

{¶ 3} The only witness at the permanent custody hearing was Shaunte Taylor, M.B.'s caseworker. Taylor, focusing on the facts relating to Father, noted that initially MCCS did not know Father's whereabouts, but that, ultimately, Father contacted Taylor in July 2017. Father informed Taylor that he was living in Texas, and that he was self-employed doing construction work.

{¶ 4} Father informed Taylor that he desired a relationship with M.B. Taylor, therefore, initiated the process to obtain a home study of Father's Texas home. This revealed that Father was on parole for a felony driving while intoxicated conviction. The involved Texas authority, based upon Father's parole status, would not conduct a home study. Taylor explained that the lack of a home study meant that if Father was granted custody of M.B., Texas would not monitor or otherwise provide services to M.B. Taylor, elaborating on this topic, stated, "[S]o if anything goes wrong * * * [MCCS will not] know. [M.B.] will just kind of be up in * * * the air without * * * any services involved."

{¶ 5} Taylor further testified that, upon Father's July 2017 contact with her, she provided Father and M.B. with one another's telephone numbers, that, initially, the two had fairly frequent telephone contact, but that after the home study was denied the telephone contact diminished. M.B., at the time of the February 28 hearing, had not talked to Father in approximately four weeks.

{¶ 6} Taylor also testified that M.B. was placed in a new foster home on February 1, 2018, that she was attending and doing well in school, and she was adjusting well to the new foster home. Taylor finally testified that the new foster home is a "foster-to-adopt home[,]" and that M.B. "deeply needs a family that will be stable, * * * and that will care for her * * * [basic and special] needs."

{¶ 7} The juvenile court, in addition to Taylor's testimony, admitted into evidence a guardian ad litem (GAL) report prepared by Connie Klayko. The GAL report indicated that Father, with the exception of the recent telephone contact, had not seen or spoken to M.B. since she was age two or three. The report indicated that while M.B. "would like to live with [Father] * * * [she] admits she does not know him." M.B. further expressed

concern "about being abandoned in Texas should * * * [any] placement with [Father] not work out." The report finally noted that M.B. indicated that "she likes her new foster home and is happy to remain [there]." Klayko concluded her report by recommending that MCCS be granted permanent custody of M.B.

{¶ 8} The juvenile court, on March 1, 2018, issued a judgment granting MCCS permanent custody of M.B. The court, in reaching this conclusion, stated that M.B. has been in the temporary custody of MCCS since January 2015, that the court had considered the factors set forth at R.C. 2151.414(D)(1), and that MCCS had established by clear and convincing evidence that an award of permanent custody to MCCS was in M.B.'s best interest.

{¶ 9} Father was appointed appellate counsel, with counsel filing a timely notice of appeal on March 30, 2018.

{¶ 10} Appellate counsel, on May 2, 2018, filed a brief under the authority of *California v. Anders*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.E.2d 493 (1967) stating that he "has reviewed [the] case and can find no non-frivolous argument that the trial court abused its discretion in granting [MCCS's] motion for permanent custody." Appellate counsel, consistent with his duties under *Anders*, submitted the following potential assignment of error:

> THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING THAT
> PERMANENT CUSTODY TO [MCCS] WAS IN THE BEST INTEREST OF
> THE CHILD.

Appellate counsel concluded by requesting permission to withdraw as counsel.

{¶ 11} In an order filed on May 3, 2018, we informed Father of the *Anders* filing

and further informed him of his right to file a pro se brief within 60 days of May 3. Father has not filed a pro se brief.

{¶ 12} Under R.C. 2151.414(B)(1)(d), a juvenile court may grant permanent custody to an agency when the child has been in the temporary custody of the agency for 12 months out of a consecutive 22-month period and the court determines, by clear and convincing evidence, that an award of permanent custody to the agency is in the child's best interest. *In re A.U.,* 2d Dist. Montgomery No. 20583, 2004-Ohio-6219, ¶ 11. The juvenile court, when making the best interest determination, must, under R.C. 2151.414(D)(1), consider all relevant factors set forth by R.C. 2151.414(D)(1)(a)-(c). *Id.* at ¶ 12-16.

{¶ 13} Clear and convincing evidence is that "degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established." *In The Matter Of: G.B.*, 2d Dist. Greene No. 2017-CA-30, 2017-Ohio-8759, ¶ 8, quoting *In re: Estate of Hayes*, 25 Ohio St.3d 101, 104, 495 N.E.2d 23 (1986). An appellate court "must affirm the decision of the trial court [granting permanent custody to the requesting agency] unless its determination is not supported by clear and convincing evidence." *In re A.U.* at ¶ 17.[1]

{¶ 14} We conclude, based upon our independent review of the record, that an argument that the juvenile court's permanent custody determination is not supported by clear and convincing evidence would be frivolous. This conclusion, among other reasons, is based upon M.B.'s mother's relinquishment of parental rights, the fact that

---

[1] We realize this standard is different than the abuse of discretion standard suggested by counsel's proposed assignment of error, but this does not change the *Anders* analysis.

M.B. and Father have had virtually no relationship since M.B. was age two or three, Father's Texas parole status until June 2018, and that Texas, if Father was awarded custody, would not provide any support – including monitoring – for M.B.

{¶ 15} A second potentially non-frivolous appellate issue is that the juvenile court abused its discretion when it overruled Father's motion for a continuance. The decision concerning whether to grant a continuance is within the trial court's discretion, and, absent an abuse of such discretion, will not be reversed on appeal. (Citation omitted.) *In re A.U.* at ¶ 28, citing *Schaefer v. Stephenson*, 2d Dist. Miami No. 2001-CA-46, 2001-Ohio-398. A trial court abuses its discretion when it acts in an arbitrary, unconscionable, or unreasonable manner when denying a continuance request. *Id.* An appellate court must review the circumstances surrounding the continuance request with particular attention given to the reason offered to the trial court in support of the continuance. *Id.* at ¶ 28, citing *Ungar v. Sarafite*, 376 U.S. 575, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964).

{¶ 16} We conclude, with the above standard in mind, that no non-frivolous argument may be advanced asserting that the juvenile court abused its discretion by denying Father's motion requesting a continuance so that he could attend the hearing after his parole was terminated in June 2018.

{¶ 17} R.C. 2151.415(D)(4) prevents a juvenile court from ordering more than two extensions of temporary custody or from allowing temporary custody beyond two years. Further, the Ohio Supreme Court has said "[t]here is little that can be as detrimental to a child's sound development as uncertainty * * * especially when such uncertainty is prolonged." *In re B.C.*, 141 Ohio St.3d 55, 2014-Ohio-4558, 21 N.E.3d 308, ¶ 20, quoting *Lehman v. Lycoming Cty. Children's Servs. Agency*, 458 U.S. 502, 513-514, 102 S.Ct.

3231, 73 L.Ed.2d 928 (1982).  These concerns, M.B.'s advancing age (14 soon to be 15 when the custody order was filed), the timing of the request (the day the hearing was scheduled), and that a continuance would not have altered Father's lack of a relationship with M.B., support the conclusion that it would be frivolous to assert that the juvenile court abused its discretion when denying Father's continuance request.

{¶ 18} We, in addition to the already discussed issues, have carefully reviewed the record to determine whether there are any arguably meritorious appellate issues.  This review has included the juvenile court docket, the GAL report, the transcript of the permanent custody hearing, and the juvenile court's judgment.  This review has not revealed any additional arguably non-frivolous appellate issues.

{¶ 19} Having found no non-frivolous issues for appellate review, counsel's motion to withdraw is granted.  The judgment of the Montgomery County Juvenile Court is affirmed.

. . . . . . . . . . . .


WELBAUM, P.J. and FROELICH, J., concur.


Copies mailed to:

Mathias H. Heck, Jr.
Andrew T. French
Sarah E. Hutnik
Robert Alan Brenner
J.B.
Connie Klayko
Hon. Jeffery S. Rezabek